IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

DIAGEO NORTH AMERICA, INC.,

    Plaintiff and Counterdefendant,

           v.

MEXCOR, INC. and
EJMV INVESTMENTS, LLC,

    Defendants and Counterclaimants.

Case No. 4:13-cv-856 (DH) (SWS)

## PLAINTIFF'S BILL OF COSTS

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54.2 of the Southern District of Texas, Plaintiff Diageo North America, Inc. ("Diageo") timely submits this Bill of Costs.

On December 16, 2014, the jury returned a verdict in favor of Diageo in this matter and awarded Diageo damages. (R. Doc. 194). The jury determined that the trade dress of Mexcor's [State] Crown Club products infringes and dilutes CROWN ROYAL's famous trade dress. *Id.* On December 18, 2014, the Court entered its final judgment. (R. Doc. 195). Accordingly, Diageo is the "prevailing party" in this litigation and is entitled to recover certain costs. *See* FED. R. CIV. P. 54(d)(1) (providing that "costs should be allowed to the prevailing party") ; *Fogelman v. Aramco*, 920 F.2d 278, 285 (5th Cir. 1991) (explaining that "[t]he case must be viewed as a whole to determine who was the 'prevailing party'; a

party need not prevail on every issue in order to be entitled to costs.") (internal citation omitted).

As fully set forth in its Bill of Costs and itemization in Exhibit A, Diageo has taxable costs in the amount of $125,835.08.  Further, as stated in the accompanying declaration by counsel, attached hereto as Exhibit B, these costs are correct, were necessarily incurred in this action, and the services which gave rise to the costs were actually and necessarily performed.  *See* 28 U.S.C. § 1924.  Diageo requests post-judgment interest on any award of costs.  *See* 28 U.S.C. § 1961(a).

Specifically, Diageo seeks $23,569.45 as costs incurred in connection with the depositions of 7 third-party witnesses, 4 actual confusion witnesses, 3 representatives and employees of Mexcor, Inc. ("Mexcor"), 1 representative of Diageo, and 2 experts.  Deposition transcripts and electronically recorded depositions are recoverable costs under 28 U.S.C. § 1920.  *See* 28 U.S.C. §1920(2)- (4); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (explaining that prevailing parties are entitled to costs of deposition transcripts "necessarily obtained for use in trial") (internal citation omitted); *Faery v. Weigand-Omega Mgmt., Inc.,* No. H-11-2519, 2012 WL 3886422, at *2 (S.D. Tex. Sept. 6, 2012) (finding that the prevailing party was entitled to recover fees for depositions in both written and video format).  Although deposition costs may be recovered even if the deposition was not used at a trial, the actual use of a

deposition in the case or at pretrial proceedings satisfies the statutory requirement that it be necessary. *See Firth v. McGill*, No. H-04-069, 2006 U.S. Dist. LEXIS 18807, at *26 (S.D. Tex. Mar. 28, 2006) (J. Hittner) (citing *W. Wind Afr. Line, Ltd. v. Corpus Christi Marine Servs., Co.,* 834 F.2d 1232, 1237-38 (5th Cir. 1988)). In this case, Diageo relied on deposition testimony in the numerous pretrial motions submitted to the Court and also utilized deposition testimony throughout the course of trial in both video and written format. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Allen v. U.S. Steel Corp.,* 665 F.2d 689, 697 (5th Cir. 1982). The depositions, therefore, were necessarily obtained for use at trial, and qualify as taxable costs. *See, e.g., Baisden v. I'm Ready Prods.*, 793 F. Supp. 2d 970, 977 (S.D. Tex. June 10, 2011) (granting party's request for costs of depositions in video and stenographic format where the party "displayed portions of video depositions on several occasions during the trial.").

Diageo also seeks $18,495.40 for copies of trial transcripts. Daily trial transcripts are recoverable costs that may be awarded where the transcripts "were not obtained primarily for the convenience of the parties but were necessarily obtained for use in th[e] case." *Holmes*, 11 F.3d at 64 (internal citations and quotations omitted). This case involved multiple days of trial and numerous witnesses. Diageo reasonably obtained daily transcripts for use in preparing to examine and cross-examine witnesses, preparing closing arguments, and drafting

its motion for judgment as a matter of law; the transcripts were not obtained primarily for convenience. *See, e.g., Structural Metals v. S&C Elec. Co.*, No. SA-09-CV-984-XR, 2013 U.S. Dist. LEXIS 101517, at *6-8 (W.D. Tex. July 19, 2013). Accordingly, Diageo should be awarded these costs.

Further, Diageo seeks $60,172.26 in costs related to printing, exemplification, and the copying of documents necessarily obtained for use in this case. *See* 28 U.S.C. §1920 (3) - (4).[1] Under Fifth Circuit law, copying costs for discovery, documents filed with the court, and exhibits used at trial are generally recoverable. *See Firth*, 2006 U.S. Dist. LEXIS 18807, at *27 (citing *Fogelman*, 920 F.2d at 286). Although courts "certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings… some demonstration that reproduction costs necessarily result from that litigation [is required]." *Id.* Diageo has submitted internal records that demonstrate these copies were billed to the client matter code for this litigation. *See* Exhibit C. Because Diageo is cognizant that the recoverable cost of copies is limited to those necessarily obtained for use in this case, Diageo is seeking $25,625.25 for those in-house copying expenses related to pre-trial and trial preparation, even though it incurred copying costs well above that amount throughout the course of this case.

---

[1] This number reflects the total for the "fees and disbursements for printing" and the "fees for exemplification and the costs of making copies" categories in Exhibit A less the $11,027.35 for electronic productions and conversions discussed in the following paragraph.

4

The remainder of the fees sought for copying and printing relate to charges from third-party vendors for the printing and copying of documents and exhibits for use during trial. Based on the necessity of high-resolution color copies for many documents for this case, the costs for printing and copying documents are appropriate.

Diageo also seeks $11,027.35 for the cost of electronic productions and file format conversions. Not all costs associated with electronic discovery are taxable costs, but courts have generally held that the costs of file format conversion and other costs of actually producing documents for electronic discovery are taxable as the functional equivalent of copies. *See, e.g., Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3-10-CV-0481-M-BD , 2010 U.S. Dist. LEXIS 132025, at *19 (N.D. Tex. Nov. 10, 2010) (awarding "$197,637.72 in costs for creating TIFF/OCR images of documents responsive to [the non-prevailing party's] discovery requests."); *Neutrino Dev. Corp. v. Sonosite, Inc.*, No. H-01-2484, 2007 U.S. Dist. LEXIS 23464, at *12 (S.D. Tex. Mar. 30, 2007) (noting that fees for electronic production fell within 28 U.S.C. §1920(3) and awarding the prevailing party the costs associated with that production). *See also Nobel Biocare USA, LLC v. Technique D'Usinage Sinlab, Inc.*, 1:12cv730, 2013 U.S. Dist. LEXIS 30851, at *16-18 (E.D. Va. Mar. 4, 2013) (listing cases holding that these portions of electronic discovery are taxable costs). An invoice from Diageo's ediscovery

vendor, Evolve, attached as Exhibit D, provides an itemized list of the fees for Diageo's electronic productions and for file format conversions and OCR processing.[2] Diageo should be awarded these costs.

Next, Diageo seeks $11,713.32 for witnesses. "Necessary expenses for witnesses who appear at deposition and/or trial, including fees and travel expenses, are recoverable as taxable costs subject to the provisions of 28 U.S.C. § 1821." *Baisden*, 793 F. Supp. 2d at 979 (citing *Holmes,* 11 F.3d at 64). Recovery of witness fees is "strictly limited by § 1821, which authorizes travel reimbursement and a $40 per diem." *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 298 (2006). Pursuant to 28 U.S.C. § 1821(c)(1)[3], Diageo seeks to recover the costs of airfare as well as a subsistence allowance for its witnesses. Those costs are set out in the attachment to Exhibit A.

Finally, Diageo seeks $926.50 for the compensation of the interpreter used for the deposition of Myriam Gutierrez and her testimony at trial. *See* 28 U.S.C. § 1920(6) (allowing for the recovery of compensation of interpreters).

---

[2] Diageo is only seeking to recover the cost of the fees for Production, OCR, and the CDs on which evolve provided the productions to Diageo. The Court should also note that the attached invoice reflects only a small portion of the fees paid to this vendor for its electronic discovery services.

[3] Diageo seeks only the portion of the hotel and other incidental costs of its witnesses that falls within the daily per diem of $203 prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in Houston by federal employees ($132 per day for lodging and $71 for meals and incidental expenses). *See* http://www.gsa.gov/portal/content/104877.

For the foregoing reasons, Diageo respectfully requests that the Court grant its Bill of Costs.

DATED: January 2, 2015

        Respectfully Submitted,

        */s/ Brendan J. O'Rourke*__

        Brendan J. O'Rourke\*
        Adam D. Siegartel\*
        Benjamin M. Rattner\*
        Lee M. Popkin\*
        PROSKAUER ROSE LLP
        Eleven Times Square
        New York, NY 10036
        Tel:  212.969.3000
        Fax:  212.969.2900
        \*Admitted *pro hac vice*

        Linda L. Addison
        Melanie B. Rother
        FULBRIGHT & JAWORSKI LLP
        Fulbright Tower
        1301 McKinney, Suite 5100
        Houston, Texas 77010-3095
        Tel:  713.651.5151
        Fax:  713.651.5246

        *Attorneys for Diageo*
        *North America, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that pursuant to Fed. R. Civ. P. 5(b), on this 2nd day of January 2015, a true and correct copy of the foregoing Diageo's Bill of Costs was served upon the following counsel of record in this matter via ECF:

William D. Raman
Steve A. Fleckman
Joseph M. Leak
Fleckman & McGlyn, PLLC
515 Congress Avenue, Suite 1800
Austin, Texas 78701

William A. Worthington
Strasburger & Price, LLP
909 Fannin Street, Suite 2300
Houston, Texas 77010

_____/s/ Lee M. Popkin_____
Lee M. Popkin