IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIAGEO NORTH AMERICA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-13-856 |
| | § | |
| MEXCOR, INC. *and* EJMV | § | |
| INVESTMENTS, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Mexcor's Motion to Amend Judgment, and/or for Judgment as a Matter of Law (Document No. 211) and the Motion for a Permanent Injunction (Document No. 217) filed by Diageo North America, Inc. Having considered the motions, submissions, and applicable law, the Court determines the motions should be granted in part and denied in part, as stated herein.

## I. BACKGROUND

This is a trademark and trade dress dispute brought pursuant to the federal Lanham Act and Texas law. Plaintiff Diageo North America, Inc. ("Diageo") is the manufacturer and distributer of Crown Royal Canadian whisky. Crown Royal is packaged in a purple cloth bag with the words "Crown Royal" in gold stitching (the "Purple Bag"). Both "Crown Royal" and the Purple Bag are registered

trademarks. Defendants Mexcor, Inc. and EJMV Investments, LLC (collectively, "Mexcor") marketed and distributed a line of eight [State] Crown Club Canadian whiskies. For example, Mexcor sold a "Texas Crown Club" whisky and a "South Carolina Crown Club" whisky.[1] Mexcor began this line of whisky with the "Texas Crown Club" product, which was initially sold in a bottle with a bag. The product eventually included a bag with the Texas flag and finally in a bag with the Texas flag and the words "Texas Crown Club" on the bag itself. Mexcor eventually launched the [State] Crown Club line of whisky in cloth bags with state-themed designs and "[State] Crown Club" on the bag.

On March 26, 2013, Diageo filed suit in this Court. Diageo's claims at trial, as outlined in the joint pretrial order, were trademark and trade dress infringement under 15 U.S.C. §§ 1114, 1125(a), and Texas common law; trademark and trade dress dilution under 15 U.S.C. § 1125(c) and TEX. BUS. & COM. CODE § 16.103; and unfair competition.[2] Diageo requested injunctive relief and monetary damages.[3] On May 19, 2013, Mexcor filed a counterclaim against Diageo and asserted multiple defenses. Mexcor's defenses, as outlined in the joint pretrial

---

[1] The other states/regions in the [State] Crown Club product line were Arkansas, California, Colorado, Southern, South Carolina, Tennessee, and Florida. "Texas Crown Club," "California Crown Club," "South Carolina Crown Club," and "Southern Crown Club" are federally registered trademarks.

[2] *Joint Pretrial Order*, Document No. 147 at 7.

[3] *Joint Pretrial Order*, Document No. 147 at 7.

order, were laches, the statute of limitations, trade dress abandonment, and the doctrine of unclean hands.[4] Mexcor's counterclaim sought a partial cancellation of Diageo's Purple Bag mark.[5] A jury trial began on December 13, 2014. On December 16, 2014, the jury reached a verdict, finding that Diageo established a likelihood of confusion, the Crown Royal trade dress was famous, and that Mexcor's use "of the trade dress for its products" was likely to dilute the Crown Royal trade dress.[6] The jury did not find that Mexcor caused a likelihood of confusion or dilution intentionally and did not find that Mexcor established the defense of laches.[7] The jury awarded $401,228 to Diageo as the amount of Mexcor's profits attributable to any likelihood of confusion.[8] On January 15, 2015, Mexcor filed the present motion to amend/alter the judgment based on the Court's rulings during the jury charge conference. On May 15, 2015, Diageo filed the present motion for a permanent injunction.

---

[4] *Joint Pretrial Order*, Document No. 147 at 8 (only the defense of laches ultimately went to the jury).

[5] *Joint Pretrial Order*, Document No. 147 at 8.

[6] *Verdict*, Document No. 194.

[7] *Verdict*, Document No. 194.

[8] *Verdict*, Document No. 194.

## III. LAW & ANALYSIS

*A.    Mexcor's Motion to Amend Judgment and/or Judgment as a Matter of Law*

Mexcor claims the Court should amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e). As discussed below in Section B of this Order, the judgment previously entered in this case is not deemed a final judgment under Federal Rule of Civil Procedure 54(b).[9] However, district courts will use the legal standards applicable to Rule 59(e) for motions for reconsideration of orders or judgments. *Vlasek v. Wal-Mart Stores, Inc.*, No. H-07-0386, 2008 WL 167082, at *1 (S.D. Tex. Jan. 16, 2008) (Rosenthal, J.) ("A motion seeking the reconsideration of a judgment or order is generally considered a motion to alter or amend a judgment under Rule 59(e) if it seeks to change the order or judgment issued . . . Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders.").[10] Rule 59(e) motions "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment [or order].'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND

---

[9] *See* Section B of this Order.

[10] *See also T.B. v. Wood*, No. 1:10CV545HSO-JMR, 2011 WL 1827869, at *1 (S.D. Miss. May 10, 2011) ("Rule 59(e) provides guidance to courts analyzing motions to reconsider orders that are not final judgments") (citing *Sivori v. Epps*, No. 2:07cv79-KS-MPT, 2008 WL 2509757, at *1 n.1 (S.D. Miss. June 19, 2008) (gathering cases in which district courts used the legal standards of Rule 59(e) for motions to reconsider non-final orders)).

PROCEDURE § 2810.1 at 127–28 (2d ed. 1995)). Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal quotation marks omitted).

Motions for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) may only be granted when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Hurst v. Lee Cnty., Miss.*, 764 F.3d 480, 483 (5th Cir. 2014) (citing FED. R. CIV. P. 50(a)(1)). The Court considers "all evidence in the light most favorable to the nonmovant, drawing all factual inferences in favor of the non-moving party, and leaving credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts to the jury." *Id.*

*1.    Texas Crown Club Bottle Label*

Mexcor requests the Court amend the judgment in this case to reflect the Court's judgment as a matter of law that Mexcor's Texas Crown Club bottle label is non-infringing. Diageo agrees that the Court previously ruled that "Mexcor's Texas CROWN label used on a bottle with no bag does not infringe the Crown

Royal® trademarks."[11] Accordingly, Mexcor's motion to amend the judgment is granted as to the Texas Crown Club bottle label alone.

    2.    *Other [State] Crown Club Word Marks*

According to Mexcor, the Court's ruling and Diageo's admission regarding the Texas Crown Club label means "the Texas Crown Club mark, as currently stylized on Mexcor's bottle and also as a word mark, is sufficiently dissimilar from Diageo's trade dress that it is not likely to cause confusion or dilution."[12] Mexcor therefore contends the other [State] Crown Club marks in the same style and the word marks themselves are similarly non-infringing as long as they are not used in conjunction with bags. Mexcor previously made this argument as part of its motion for judgment as a matter of law as a follow-up to the Court's ruling on the Texas Crown Club bottle label.[13] For example, during the jury charge conference, Mexcor asserted that "the substitution of California, Florida, et cetera, for Texas does not make a distinction of legal significance once it's been conceded that Texas Crown

---

[11] *Diageo's Opposition to Mexcor's Motion to Amend Judgment, and/or for Judgment as a Matter of Law*, Document No. 214 at 5; *See Jury Trial Volume 7: Charge Conference*, Document No. 204 at 201–02 (granting Mexcor's motion for judgment as a matter of law as to the Texas Crown Club bottle label).

[12] *Mexcor's Motion to Amend Judgment, and/or for Judgment as a Matter of Law*, Document No. 211 at 2.

[13] *Jury Trial Volume 7: Charge Conference*, Document No. 204 at 203–04.

Club as a word mark is not infringing."[14] The Court denied that motion.[15] Because Mexcor has asserted the same or substantially similar contentions with regard to the other [State] Crown Club marks—relitigating an old matter—and has not presented new evidence or corrected a *manifest* error of law or fact, Mexcor's motion under 59(e) with regard to the other [State] Crown Club marks is denied.

   3.   *Texas Flag Bag*

   Similarly, Mexcor contends its original Texas "flag bag"—a drawstring bag with the image of the Texas flag and no text—is non-infringing because it does not include the word "Crown" on the bag. Specifically, Mexcor alleges Diageo conceded this bag was non-infringing when it claimed Mexcor's infringement began in the last quarter of 2011. Mexcor also made this argument as part of its motion for judgment as a matter of law.[16] For example, during the jury charge conference, Mexcor reasoned that "the . . . Texas Crown Club flag bag is a combination of the Texas Crown Club and the Crown design mark that Diageo has admitted does not infringe when it is on the bottle . . . a Texas flag bag was used as early as 2009."[17] Diageo denies that it conceded the Texas flag bag with the Texas

---

[14] *Jury Trial Volume 7: Charge Conference*, Document No. 204 at 203.

[15] *Jury Trial Volume 7: Charge Conference*, Document No. 204 at 210.

[16] *Jury Trial Volume 7: Charge Conference*, Document No. 204 at 204–05.

[17] *Jury Trial Volume 7: Charge Conference*, Document No. 204 at 204.

Crown Club bottle is non-infringing. The Court denied that motion based on the arguments of both parties during the jury charge conference.[18] Because Mexcor has asserted the same or substantially similar contentions with regard to the other [State] Crown Club marks—relitigating an old matter—and has not presented new evidence or corrected a manifest error of law or fact, Mexcor's motion under 59(e) with regard to the Texas flag bag is denied.

4.    *Diageo's State Law Dilution Claim—Preemption*

Mexcor claims Diageo's state law dilution claim should be denied as a matter of law because 15 U.S.C. § 1125(c)(6) provides that state causes of action for dilution are preempted by the federal statute when the marks at issue are federally registered. Diageo contends the statute does not preempt the state law dilution claim because Mexcor does not have a valid registration for the combination of the Texas Crown Club bottle label and bags with the word "Crown" on them. Mexcor made the same argument regarding preemption during the jury charge conference.[19] The Court denied the motion.[20] Because Mexcor has asserted the same or substantially similar contentions with regard to preemption of the state law dilution claims—relitigating an old matter—and has not presented

---

[18] *Jury Trial Volume 7: Charge Conference*, Document No. 204 at 210.

[19] *Jury Trial Volume 7: Charge Conference*, Document No. 204 at 205–06.

[20] *Jury Trial Volume 7: Charge Conference*, Document No. 204 at 210.

new evidence or corrected a manifest error of law or fact, Mexcor's motion under 59(e) with regard to Diageo's state law dilution claims is denied.

5.   *Likelihood of Dilution, Fame of Purple Bag, Likelihood of Confusion, Texas Crown Club Bag*

Mexcor requests the Court find Diageo did not present sufficient evidence to prove, as a matter of law, the following: (1) likelihood of dilution of Diageo's Purple Bag trade dress; (2) that the Purple Bag has acquired fame among the general consuming public as opposed to a niche market; (3) that Diageo's trade dress infringement claims should be denied because any alleged confusion resulted from a non-infringing, functional bag; and (4) that the Texas Crown Club bag, as a combination of the non-infringing Texas Crown Club logo and a plain Texas flag bag, is also non-infringing.

Viewing the evidence in the light most favorable to Diageo as the nonmovant, drawing all factual inferences in favor of Diageo, and leaving credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts to the jury, Diageo presented sufficient evidence to support the jury's verdict on dilution, fame, and likelihood of confusion. This evidence, as outlined in Diageo's response and the trial transcripts, included testimony from high level Diageo executives like Yvonne Briese, Crown Royal marketing executives, regional managers, qualified expert witnesses, and members

of the public whose testimony demonstrated that actual confusion occurred in the marketplace. Moreover, Mexcor asserted the same or substantially similar contentions with regard to the likelihood of confusion, general versus niche fame, and the bag's functionality in its motion for judgment as a matter of law during the jury charge conference—relitigating old matters—and has not presented new evidence or corrected a manifest error of law or fact.[21] Although Mexcor did not include the Texas Crown Club bag (with the word "crown" on the bag) in its earlier motion, the contentions made in the present motion are arguments that could have been raised in the previous motion. In addition, Mexcor does not present new evidence or establish a manifest error of law or fact with regard to the Texas Crown Club bag. Accordingly, Mexcor's motion to amend under Rule 59(e) is denied as to these claims.

B.     *Timeliness of Diageo's Motion for a Permanent Injunction*

Mexcor contends Diageo's motion for a permanent injunction is untimely because it seeks to amend a final judgment outside the 28 days permitted by Federal Rule of Civil Procedure 59(e) and was not made within a reasonable time

---

[21] *Jury Trial Volume 7: Charge Conference*, Document No. 204 at 207–08 (Mexcor's motion for judgment as a matter of law on likelihood of dilution); 208–09 (Mexcor's motion for judgment as a matter of law on niche fame); 209 (Mexcor's motion for judgment as a matter of law on the bag functionality); 210 (the Court's ruling denying these motions).

as required by Federal Rule of Civil Procedure 60(b).[22] Diageo contends the Court's order is not a final judgment as a matter of law because it did not resolve Diageo's request for an injunction. Federal Rule of Civil Procedure 54(b) states

> When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b). Although a Court may label a judgment as final, that label does not make it final unless the order complies with Rule 54(b). *Witherspoon v. White*, 111 F.3d 399, 401 (5th Cir. 1997). The jury verdict and order at issue only resolved liability in favor of Diageo and the entry of monetary damages in the amount of $401,228 pursuant to the jury's findings. The jury verdict and order did not resolve Diageo's claim for injunctive relief and did not expressly determine that there is no just reason for delay. Despite the Court's title of the order at issue, the Court finds it was not a complete final judgment pursuant to Rule 54(b) because it did not adjudicate all of the claims. Accordingly, Diageo's motion for permanent injunction is timely.

---

[22] *See Final Judgment*, Document No. 195.

C.    *Diageo's Motion for Permanent Injunction*

Diageo's proposed permanent injunction includes the following provisions:

(1) Using a word mark containing the word "crown" (a "crown-formative mark") in conjunction with a cloth bag for alcohol; and
(2) Using cloth bags displaying a Texas crown-formative mark or cloth bags in conjunction with bottles displaying a Texas crown-formative mark for alcohol; and
(3) Using any name or trade dress that is confusingly similar to or dilutes the famous CROWN ROYAL® trade dress.[23]

A plaintiff seeking a permanent injunction must establish the following elements: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

1.    *Irreparable Injury*

Diageo contends the jury's finding of a likelihood of confusion creates a presumption that Diageo has suffered irreparable injury. Regardless of any injury Diageo sustained in the past, Mexcor asserts that a permanent injunction is unnecessary to address an ongoing injury because it has voluntarily discontinued

---

[23] *Motion for a Permanent Injunction*, Document No. 217 at 1.

the [State] Crown Club product line. In addition, Mexcor contends the jury's verdict was too ambiguous to find specific irreparable harm.

Despite other circuits questioning whether a finding of likelihood of confusion creates a presumption of irreparable injury, the Fifth Circuit has "indicated that presuming irreparable injury [in] Lanham Act cases remains appropriate." *Clearline Technologies Ltd. v. Cooper B-Line, Inc.*, 948 F. Supp. 2d 691, 715 (S.D. Tex. 2013) (Ellison, J.) (citing *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013)). In *Abraham v. Alpha Chi Omega*, the Fifth Circuit stated that "[a]ll that must be proven to establish liability and the need for an injunction against infringement is the likelihood of confusion—injury is presumed." (citing 5 MᴄCᴀʀᴛʜʏ ᴏɴ Tʀᴀᴅᴇᴍᴀʀᴋs ᴀɴᴅ Uɴꜰᴀɪʀ Cᴏᴍᴘᴇᴛɪᴛɪᴏɴ § 30:2 (4th ed. 2001)).[24] Here, the jury answered "yes" to the question "Did Diageo establish a likelihood of confusion by a preponderance of the evidence."[25] Accordingly, Diageo's injury is presumed.

As to the effect of Mexcor's voluntary discontinuation of the [State] Crown Club product line, "'[a] defendant's voluntary cessation of a challenged practice

---

[24] *See also T-Mobile US, Inc. v. AIO Wireless LLC*, 991 F. Supp. 2d. 888, 926–29 (S.D. Tex. 2014) (Rosenthal, J.) (discussing the Fifth Circuit's endorsement of the presumption of irreparable injury in the Lanham Act context in *Abraham* as well as the rationale for the presumption in trademark cases as opposed to patent infringement cases).

[25] *Verdict*, Document No. 194.

does not deprive a federal court of its power to determine the legality of the practice.'" *T-Mobile US, Inc. v. AIO Wireless LLC*, 991 F. Supp. 2d 888, 929 (S.D. Tex. 2014) (Rosenthal, J.) (quoting *Allied Home Mortg. Corp. v. Donovan*, No. H-11-3864, 2012 WL 3276978, at *4 (S.D. Tex. Aug. 8, 2012) (Miller, J.) (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982))). The standard for determining whether a permanent injunction is unnecessary because of a defendant's voluntary actions is "stringent, and it is only met if 'subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id.* at 930 (quoting *Allied*, 2012 WL 3276978, at *4) (alteration in original). A defendant asserting mootness must show "the challenged conduct could not recur." *Id.* Although Mexcor has presented evidence that it has discontinued the [State] Crown Club product line, it has not met the stringent standard required to show it could not put the products back into production and begin the challenged conduct again. Accordingly, Mexcor's voluntary discontinuation of the [State] Crown Club products does not prevent the Court from issuing a permanent injunction and it does not affect the presumption that Diageo has suffered an irreparable injury.

    2.    *Remaining Elements to Establish Necessity for Permanent Injunction*

    Mexcor does not challenge the remaining elements necessary to entitle Diageo to a permanent injunction. Rather, Mexcor challenges the scope of the

requested injunction. The Court will briefly address the remaining elements because Diageo has the burden of proof on the necessity for a permanent injunction. First, Diageo contends the monetary damages the jury awarded are inadequate to compensate it for its injuries because it lost control over the use of its trade dress. Loss of control of a trademark or trade dress, which affects a plaintiff's goodwill and reputation among consumers, cannot be "adequately compensate[d]" with money damages. *Choice Hotels Intern., Inc. v. Patel*, 940 F. Supp. 2d 532, 543 (S.D. Tex. 2013) (Costa, J.); *Coach Inc. v. Sassy Couture*, No. SA-10-CV-601-XR, 2012 WL 162366, at *12 (W.D. Tex. Jan. 19, 2012). Accordingly, Diageo has established that remedies available at law, such as monetary damages, are alone inadequate to compensate it for its injuries in this case.

Diageo contends the balance of hardships between Diageo and Mexcor warrants a permanent injunction because an injunction would protect its valuable Crown Royal trade dress while only requiring Mexcor to sell products in line with the law. Courts may weight evidence that a plaintiff invested "considerable time, effort and expense in promoting [a trademark or trade dress]" in favor of granting an injunction. *S & H Indus., Inc. v. Selander*, 932 F. Supp. 2d 754, 765 (N.D. Tex. 2013). On the one hand, Diageo has established it has spent a long time and a large amount of money to develop and promote the Crown Royal brand and Purple Bag

trade dress.[26] On the other hand, Mexcor has already discontinued the [State] Crown Club product line. Therefore, Diageo has established that, considering the balance of hardships between the plaintiff and defendant, an injunction is warranted.

Finally, "the public interest is always served by requiring compliance with Congressional statutes such as the Lanham Act and by enjoining the use of infringing marks." *Quantum Fitness Corp. v. Quantum LifeStyle Centers, L.L.C.*, 83 F. Supp. 2d 810, 832 (S.D. Tex. 1999) (Rosenthal, J.). Diageo was the prevailing party in this lawsuit because the jury found Mexcor's trade dress caused likelihood to confusion with the Crown Royal trade dress. Diageo seeks a permanent injunction to enforce the Lanham Act. Diageo has established a permanent injunction in this case would serve the public interest. In sum, Diageo has established all four elements to demonstrate that it is entitled to a permanent injunction in this case.

### 3.    *Scope of Permanent Injunction*

Mexcor contends Diageo's proposed permanent injunction is overbroad and vague. In particular, Mexcor claims that Diageo's restrictions to cloth bags and marks for "alcohol" is too broad and that Diageo's third, "catch-all" request is too

---

[26] *Motion for a Permanent Injunction*, Document No. 217, Exhibit 1 at 130–31, 182 (*Jury Trial Volume 1: Voir Dire*).

vague. Federal Rule of Civil Procedure 65(d) requires an injunction to be "specific in terms; [and] describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." *John Doe #1 v. Veneman*, 380 F.3d 807, 818 (5th Cir. 2004) (modification in original) (citing FED. R. CIV. P. 65(d)). The scope of an injunction "is dictated by the extent of the violation established" and so a court "must narrowly tailor an injunction to remedy the specific action which gives rise to the order." *Id*. At the same time, a business "'once convicted of unfair competition . . . should thereafter be required to keep a safe distance away from the margin line even if that requirement involves a handicap as compared with those who have not disqualified themselves.'" *Mary Kay, Inc. v. Weber*, 661 F. Supp. 2d 632, 641 (N.D. Tex. 2009) (quoting *Chevron Chem. Co. v. Voluntary Purchasing Groups, Inc.*, 659 F.2d 695, 705 (5th Cir. 1981)).

With regard to the proposed use of the word "alcohol" versus a more specific term such as "whisky" or "Canadian whisky," Diageo contends the word "alcohol" is necessary to keep Mexcor a safe distance away from the margin line. Further, Diageo maintains Mexcor could still sell its tequila called "Dos Coronas" in a bag because the parties would understand that the word "crown" is limited to the word in English.   In this case, Diageo alleged, and the jury found, that Mexcor's Texas Crown Club Canadian whisky and other [State] Crown Club

Canadian whiskies, as sold in bags, caused a likelihood of confusion with Crown Royal and diluted Crown Royal's trade dress.[27] At the beginning of his closing statement, counsel for Diageo summed up the case when he stated that "the issue here is the use of Crown on cloth drawstring bags, on Canadian whisky."[28] The Court finds the proposed permanent injunction should use the words "whisky or whiskey" (to include both Canadian and American whisky) rather than the word "alcohol" to ensure the injunction is narrowly tailored to the actions at issue in this case while keeping Mexcor a safe distance away from any potentially inappropriate conduct.

With regard to the final, catch-all provision, Diageo agrees with Mexcor that "an 'injunction which *merely* forbids a defendant from . . . infringing on a plaintiff's trademarks . . . adds nothing to what the law already requires.'"[29] Diageo maintains the proposed catch-all provision does more than merely forbid Mexcor from engaging in unlawful conduct when the proposed injunction is read as a whole. *See Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1204 (11th Cir. 2001) (permitting an injunction that was phrased in terms of legal conclusions

---

[27] *Verdict*, Document No. 194.

[28] *Jury Trial Volume 8: Closing Arguments*, Document No. 205 at 29.

[29] *Diageo North America, Inc.'s Reply in Further Support of its Motion for a Permanent Injunction*, Document No. 219 at 19 (emphasis and alterations in the original) (quoting *John H. Harland Co. v. Clarke Checks, Inc.*, 711 F.2d 966 (11th Cir. 1983)).

because "the order, read as a whole, clearly indicates what [the defendant] is forbidden from doing); *Mary Kay*, 661 F. Supp. 2d. at 646–47 (approving a catch-all provision similar to the one at issue in this case). [30] In this case, when the proposed injunction is read as a whole and in light of the issues presented at trial, the Court finds the catch-all provision is not impermissibly vague and is more specific than merely requiring Mexcor to follow the law. Accordingly, the Court finds the catch-all provision of Diageo's proposed permanent injunction should be included in the injunction.

## IV.  CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Mexcor's Motion to Amend Judgment, and/or for Judgment as a Matter of Law (Document No. 211) is **GRANTED IN PART** and **DENIED IN PART**. Mexcor's motion regarding the Texas Crown Club bottle label is **GRANTED** and the remainder of the motion is **DENIED**. The Court further

**ORDERS** that the Motion for a Permanent Injunction (Document No. 217) filed by Diageo North America, Inc. **GRANTED IN PART** and **DENIED IN PART**. The Court finds Diageo is entitled to a permanent injunction but finds the

---

[30] *See* 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:13 (4th ed. 2001) (analyzing cases that discuss the propriety of similar catch-all provisions).

word "alcohol" should be replaced with "whisky/whiskey." Diageo's motion is otherwise granted.

The Court will issue a separate Supplemental Final Judgment and Permanent Injunction.

SIGNED at Houston, Texas, on this __30__ day of September, 2015.

DAVID HITTNER
United States District Judge