# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-20630

United States Court of Appeals
Fifth Circuit
**FILED**
September 2, 2016
Lyle W. Cayce
Clerk

DIAGEO NORTH AMERICA, INCORPORATED,

    Plaintiff - Appellee

v.

MEXCOR, INCORPORATED; EJMV INVESTMENTS, L.L.C.,

    Defendants - Appellants

United States District Court
Southern District of Texas
FILED
SEP 2 6 2016
David J. Bradley, Clerk of Court

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-856

Before STEWART, Chief Judge, and PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    This appeal arises out of a trademark dispute between two Canadian whisky companies. Diageo manufactures Crown Royal, known for its packaging in a purple cloth bag. Mexcor distributes a variety of Canadian whiskies, most relevantly Texas Crown Club. At some point after 2008, Mexcor began to package its whisky in a cloth bag. Diageo brought suit alleging

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20630

Mexcor's marks and trade dress infringe, both "standing alone" and when packaged in a cloth bag. The jury returned a verdict in favor of Diageo on its trade dress claim. That verdict is *not* being appealed.

Instead, this appeal is about the scope and effect of a concession Diageo made prior to the jury's verdict: Mexcor's infringing conduct began, at the earliest, in the last quarter of 2011 when Mexcor affixed its *Texas Crown Club* logo on a cloth bag. Based on that concession, Mexcor seeks a declaratory judgment that its use of "Crown Club," as well as its use of cloth bags as packaging, do not infringe Diageo's trademarks. Mexcor also challenges a permanent injunction entered by the district court.

We AFFIRM the district court's denial of Mexcor's motion for judgment as a matter of law and to amend the judgment. We VACATE the district court's permanent injunction and REMAND for further proceedings. We DENY as MOOT Mexcor's motion for judicial notice.

FACTUAL BACKGROUND

Diageo North America, Inc., manufactures and distributes alcoholic beverages, including Crown Royal Canadian whisky.[1] Mexcor, Inc., is a Houston-based distributor of distilled spirits, including Crown Club Canadian whisky.

This case involves trademark and trade dress claims and crossclaims between Diageo and Mexcor. Before summarizing the facts, we set out key trademark terms we employ to describe the contested marks.

---

[1] Both Diageo and Mexcor spell their product as "whisky," without an "e." Another circuit explained: "'Whisky' spelled without an 'e' is commonly used to refer to whisky distilled in Scotland, whereas 'whiskey' is used to refer to whiskey distilled in the United States or Ireland." *Scotch Whisky Ass'n v. Majestic Distilling Co., Inc.*, 958 F.2d 594, 595 n.1 (4th Cir. 1992). None of those countries are the source of this whisky, but we accept that the parties have chosen the proper spelling.

No. 15-20630

First, we use the term *standard character mark* to describe plain text, in the absence of design elements. *See* 37 C.F.R. § 2.52(a). A *standard character mark* refers to nothing more than the name of a product — the word mark — and not a logo or product packaging. By contrast, we use the term *special form mark* to refer to marks including design elements, such as color, font style or size, and other artistic features. *See id.* § 2.52(b). A company's logo, for example, is a *special form mark*. Last, *trade dress* refers to the actual product's "total image and overall appearance. It involves the total image of a product and may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 764 n.1 (1992) (citation and quotation marks omitted). With that foundation, we now discuss the facts in this case.

Diageo's Crown Royal "Original," sometimes referred to as "Deluxe," is packaged in a unique purple cloth bag. It has been packaged the same way since 1939 and has been sold in the United States for over fifty years. Diageo holds incontestable trademark registrations on the Crown Royal special form mark as it appears on the bottle label and purple bag, the Crown Royal standard character mark, and the purple bag trade dress.

Mexcor introduced Texas Crown Club Canadian whisky in 2008. In 2009, Mexcor began to use an unlabeled cloth bag, designed to resemble the Texas state flag, as packaging. Mexcor acknowledged that the unlabeled bag was inspired by Crown Royal's purple bag. Mexcor registered a standard character mark and a special form mark in 2010. In 2011, Mexcor launched a new bag bearing the Texas Crown Club special form mark.

In 2012, Mexcor decided to introduce an assortment of "line extensions" to its Crown Club brand. These line extensions replaced the word *Texas* with the names of other states (e.g., Florida Crown Club, Tennessee Crown Club) or geographic descriptors (e.g., American Crown Club, Southern Crown Club),

3

No. 15-20630

and they were packaged in similar cloth bags. Mexcor has filed at least 39 trademark applications related to its Crown Club line extensions.

Since 2008, Diageo has been watching Mexcor's Crown Club product line for signs of trademark infringement. Until this suit, Diageo did not oppose Mexcor's trademark registration applications.

## PROCEDURAL BACKGROUND

In March 2013, Diageo sued Mexcor alleging trademark and trade dress infringement, dilution, and unfair competition under federal and state law. Diageo sought a permanent injunction, money damages, and other forms of relief not relevant here. Mexcor filed two counterclaims, including seeking a declaration that neither its Crown-formative marks, nor its use of a cloth bag for packaging, infringe Diageo's marks. Mexcor also raised the affirmative defense of laches, alleging Diageo waited too long before bringing this complaint.

The case was tried by a jury. At the close of evidence, both parties filed Rule 50(a) motions for judgment as a matter of law ("JMOL"). Diageo moved to defeat Mexcor's laches defense, arguing laches did not apply because the earliest alleged infringement occurred in late 2011. The district court denied Diageo's motion and allowed the laches issue to go to the jury. Mexcor then moved for JMOL on a variety of issues. First, Mexcor moved for JMOL that the Texas Crown Club bottle label is non-infringing, which the district court granted. Mexcor then sought additional judgments based on "the implications of" the district court's ruling. The district court overruled these and other motions without explanation.

During the jury charge conference, the parties agreed to narrow the issues. The jury was asked only whether Mexcor's trade dress infringed. The verdict form did not ask for any factual finding related to Mexcor's

4

counterclaims. On December 16, 2014, the jury returned its verdict concluding Mexcor unintentionally infringed Diageo's trade dress and awarding Diageo $401,228 in damages. The district court entered final judgment on December 18, 2014. Mexcor has since satisfied this judgment.

In January 2015, Mexcor filed a Rule 59(e) motion to amend judgment and a Rule 50(b) motion for JMOL. Mexcor first argued the district court's final judgment failed to incorporate its oral declaration that the Texas Crown Club bottle label is non-infringing. Mexcor then argued that, by logical extension of the district court's oral declaration, (1) all Crown Club standard character mark variations are non-infringing and (2) the unlabeled flag bag (i.e., without a Crown Club special form mark) is non-infringing. Diageo subsequently filed a motion for a permanent injunction.

On September 30, 2015, the district court entered an order resolving both motions. It granted Mexcor declaratory relief as to the Texas Crown Club bottle label, but denied Mexcor's motion on all other grounds. It then granted Diageo's motion for a permanent injunction. The court separately entered a supplemental final judgment and permanent injunction. Mexcor timely appealed.

## DISCUSSION

Mexcor challenges the district court's denial of declaratory relief and its grant of a permanent injunction. Both issues are affected by a concession Diageo made to defeat Mexcor's laches defense. We first determine the scope and effect of that concession. Next, we address whether the district court erroneously denied Mexcor declaratory relief. Last, we address whether the district court's permanent injunction order is impermissible.

No. 15-20630

## I. *Diageo's Concession*

Before trial, Mexcor raised the affirmative defense of laches, arguing Diageo waited too long to bring this lawsuit. In response, Diageo conceded that Mexcor did not infringe until it first began to package and sell Texas Crown Club whisky inside a cloth bag bearing the Texas Crown Club logo. We now consider the implications of Diageo's concession.

Diageo first made this concession during pretrial conference, in response to the district court's questioning about laches. Diageo argued that Mexcor's infringing conduct began when Mexcor "took that Texas bag and they put words on it, and the words were Texas Crown . . . Club you could barely read. So that's when we're on notice, late 2011, early 2012 when we filed suit in March of 2013."

Then, in Diageo's motion for JMOL to defeat Mexcor's laches defense, Diageo made the following relevant statements:

> "Diageo concedes that Mexcor did not infringe its marks until Mexcor sold its very first Texas Crown Club bottle in a bag bearing the Texas Crown Club logo."
>
> "It is undisputed that Mexcor's alleged infringement began, at the earliest, during the fourth quarter of 2011 when Mexcor began selling its Texas Crown Club products in bags bearing the Texas Crown Club logo."
>
> "[I]t is undisputed that Mexcor's use of Texas Crown Club in 2008, 2009, 2010, and the first three quarters of 2011 was *non-infringing*."

We find no ambiguity in these statements. Diageo conceded plainly that Mexcor did not infringe at any point prior to the last quarter of 2011. Specifically, Diageo conceded infringement first occurred when Mexcor affixed its logo onto a cloth bag.

Regrettably, we feel compelled to address misstatements made by counsel for Diageo, both in briefing and at oral argument regarding Diageo's

6

concession. First, Counsel attempts to reform retroactively the scope of the concession. Counsel insists Diageo conceded nothing more than the Texas Crown Club original bottle label, without a bag, is not infringing. Not true. Diageo's concession was limited only by the time period it covered. There was infringement, "*at the earliest*, during the fourth quarter of 2011" when Mexcor began selling its whisky in bags containing the Texas Crown Club logo. (emphasis added).

Second, at oral argument, Counsel urged that the record contained no evidence whatsoever that the unlabeled flag bag ever existed. Again, the statement is not accurate. Mexcor attached a photo of the unlabeled Texas Flag Bag in support of its motion for summary judgment. Further, Diageo referenced the unlabeled flag bag in briefing to the district court.

Because of the concessions, Diageo cannot prove infringement by any Mexcor trademark or trade dress in use prior to the last quarter of 2011. We discuss next, though, why the concession does not lead us to grant the declaratory relief sought by Mexcor.

### II. *The District Court's Denial of Declaratory Relief*

Mexcor challenges the district court's orders denying motions for JMOL and a motion to amend judgment. We review *de novo* an order denying a motion for JMOL. *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 620 (5th Cir. 2013). JMOL "is proper when 'a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Id.* (quoting FED. R. CIV. P. 50(a)). "This will only occur if the facts and inferences point so strongly and overwhelmingly in the movant's favor that jurors could not reasonably have reached a contrary verdict." *Id.* "We credit the non-moving [party's] evidence and disregard all evidence favorable to [the moving party] that the jury is not required to believe." *Id.* Likewise, where a Rule 59(e)

7

No. 15-20630

motion is "solely a motion to reconsider a judgment on its merits, *de novo* review is appropriate . . . ." *Fletcher v. Apfel*, 210 F.3d 510, 512 (5th Cir. 2000).

Based on Diageo's concession, the district court entered an amended judgment declaring the Texas Crown Club bottle label does not infringe. Mexcor argues that Diageo's concession compels three additional forms of declaratory relief: (1) the Texas Crown Club standard character mark is non-infringing; (2) the use of an unlabeled cloth bag is non-infringing; and (3) the Crown Club line extension standard marks, which replace the word "Texas" with a different state name or geographic descriptor, are non-infringing. We now address the effect of Diageo's concession on the three forms of declaratory relief requested by Mexcor.

*A. Texas Crown Club Standard Character Mark & Unlabeled Flag Bag*

Mexcor argues that Diageo conceded the Texas Crown Club standard character mark and the unlabeled Texas flag bag are non-infringing. We agree because both were in use prior to the last quarter of 2011. Notwithstanding our conclusion, we find no error in the district court's judgment.

One problem is that Mexcor failed to urge that these counterclaims be presented to the jury after the district court denied its motions for JMOL. Mexcor relies on an over 50-year-old decision for the proposition that concessions by an attorney foreclose any need to present the matter for fact-finding. *See Laird v. Air Carrier Engine Serv., Inc.*, 263 F.2d 948, 953 (5th Cir. 1959). Even if Mexcor's interpretation of *Laird* is proper and still controlling, we explain why we still see no basis to reverse the district court.

We begin with the standard character mark. Mexcor began its motion for JMOL by referring to the "Texas Crown Club bottle issue." Mexcor asked for a declaration that the Texas Crown Club special form mark, the bottle label, was non-infringing. After the district court granted that motion, Mexcor

8

requested an extension of that ruling to Crown Club line extension standard character marks. Seemingly under the assumption the district court had already ruled on the Texas Crown Club standard character mark, Mexcor argued that "the substitution of California, Florida, et cetera, for Texas does not make a distinction of legal significance once it's been conceded that Texas Crown Club as a word mark is not infringing." Mexcor, however, never requested judgment on the Texas Crown Club standard character mark. Even in its later motion to amend judgment, Mexcor asked only for declaratory relief that the use of *Texas Crown Club* as a special form mark, as "reflected on Mexcor's Canadian whisky bottle," be deemed non-infringing.

A party must sufficiently press an issue to put the court and opposing counsel on notice. *See generally Cent. Sw. Tex. Dev., L.L.C. v. JPMorgan Chase Bank, Nat'l Ass'n*, 780 F.3d 296, 300–01 (5th Cir. 2015). "An argument must be raised to such a degree that the district court has an opportunity to rule on it." *Dallas Gas Partners, L.P. v. Prospect Energy Corp.*, 733 F.3d 148, 157 (5th Cir. 2013). Absent legitimate prior argument, we would have to analyze the issue without a comprehensive record or district court holding. *New Orleans Depot Servs., Inc. v. Dir., Office of Worker's Comp. Programs*, 718 F.3d 384, 387–88 (5th Cir. 2013). Mexcor did not present the issue to the district court, and thus we have no basis to say the district court erred. Mexcor has no unfavorable judgment from which to appeal.

We find similar deficiencies in Mexcor's request for declaratory relief on the unlabeled flag bag. Mexcor moved for JMOL as to the "Texas Crown Club flag bag." Mexcor defined the flag bag as "a combination of the Texas Crown Club and the Crown design mark that Diageo has admitted does not infringe when it is on a bottle," and argued that "just applying that particular logo to a cloth bag cannot have the effect of making that logo infringing." Mexcor's motion went to the core of Diageo's trade dress claim: whether Mexcor's use of

9

No. 15-20630

a flag bag bearing the *Texas Crown Club* logo is infringing. To support its motion, Mexcor argued that Diageo had already conceded the bottle label and the unlabeled flag bag, as separate components, do not infringe. Thus, Mexcor argued, their combination should make no difference. Again, Mexcor never asked for declaratory relief regarding the unlabeled flag bag. It simply assumed the unlabeled bag was non-infringing, and asked the court to extend that holding to a bag bearing the Texas Crown Club logo.

Like for the Texas Crown Club standard character mark, Mexcor asks this court to give relief on an issue it never fairly presented to the district court. Mexcor first raised this issue in its Rule 59(e) motion to amend judgment.[2] Yet Rule 59(e) "motions cannot be used to raise arguments that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n Inc. v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008). The district court did not err when it was never asked to rule on this issue.

In summary, Mexcor never requested declaratory judgments on the Texas Crown Club standard character mark or the unlabeled flag bag. Neither the district court nor Diageo were on notice that Mexcor was requesting declaratory relief on the Texas Crown Club standard character mark and unlabeled flag bag. There is no error to correct.

---

[2] In its order denying Mexcor's Rule 59(e) motion, the district court stated mistakenly that this unlabeled flag bag argument had previously been raised in Mexcor's motion for JMOL. The district court relied on the following passage from Mexcor's motion: The "Texas Crown Club flag bag is a combination of the Texas Crown Club and the Crown design mark that Diageo has admitted does not infringe when it is on the bottle . . . a Texas flag bag was used as early as 2009." Our review of the record reveals this quote was taken out of context; it was part of Mexcor's effort to receive judgment that its flag bag with the Texas Crown Club logo affixed to the bag was non-infringing. Just after the quoted passage, in the same sentence, Mexcor clarified "therefore, we believe that the — if you will, *the fixation of the noninfringing logo* for Texas Crown Club on a completely dissimilar Texas flag bag is not infringing as a matter of law." Thus, Mexcor sought declaratory relief only on its Texas flag bag *with the logo affixed*, not unlabeled.

10

No. 15-20630

### B. *Crown Club Line Extension Standard Character Marks*

Mexcor argues that, because of Diageo's concession, all Crown Club line extension standard character marks should be declared non-infringing. The parties refer to Mexcor's Crown Club line extensions as *[State] Crown Club*, meaning the first word can be replaced with a variety of U.S. states or geographic descriptors. Unlike the Texas Crown Club mark, which had been in use well before the last quarter of 2011, Mexcor did not begin to use [State] Crown Club line extensions until 2012. Thus, Diageo's concession does not govern the [State] Crown Club standard character marks.

Mexcor asked the district court, and now asks this court, to extend the legal import of Diageo's concession to all Crown Club standard character mark variations. We will reverse the district court's denial of JMOL only if we conclude "no reasonable jury could have arrived at the verdict." *See Perret v. Nationwide Mut. Ins. Co.*, 770 F.3d 336, 338 (5th Cir. 2014).

Mexcor claims there is no "logical rationale" for distinguishing between the concededly non-infringing Texas Crown Club bottle label and the many varieties of [State] Crown Club standard character marks. We disagree. The [State] Crown Club line extensions came to the market after the last quarter of 2011. They fall, unquestionably, outside the scope of Diageo's concession. Further, we consider Mexcor's replacement of the word *Texas* with the names of other states and with geographic descriptors to be legally significant. To assess mark similarity and thus trademark infringement, a court must consider "the total effect of the designation, rather than . . . a comparison of individual features." *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 228 (5th Cir. 2009). Each [State] Crown Club line extension presents a novel mark subject to independent analysis.

Mexcor's other arguments are equally unpersuasive and unsupported. Without citation to legal authority, Mexcor claims our analysis is bound by

11

No. 15-20630

arguments made by Diageo to the Patent and Trademark Office in an unrelated proceeding. Mexcor also argues that because Diageo previously raised claims challenging all Crown Club word marks, and subsequently abandoned those claims ostensibly to avoid a laches defense, Mexcor should prevail. The argument is waived, though, having been raised for the first time in Mexcor's reply brief. *See Tran Enters., LLC v. DHL Express (USA), Inc.*, 627 F.3d 1004, 1011 (5th Cir. 2010).

The district court correctly denied Mexcor's motion for JMOL. On this record, we cannot say that no reasonable jury would have reached a holding adverse to Mexcor. Once the district court denied Mexcor's Rule 50(a) motion, Mexcor did not submit its counterclaim to the jury. Mexcor could have presented evidence to the jury, including Diageo's concession, for fact-finding on its counterclaim for declaratory relief. It did not. Thus, Mexcor abandoned its counterclaim for declaratory relief on the [State] Crown Club standard character marks. *See MacArthur v. Univ. of Tex. Health Ctr.*, 45 F.3d 890, 895 (5th Cir. 1995).

The district court did not err in denying Mexcor's motion for JMOL and motion to amend judgment.

### III.   *Permanent Injunction*

Mexcor also challenges the district court's order entering a permanent injunction. This court reviews the grant of a permanent injunction for abuse of discretion, reviewing factual findings for clear error and conclusions of law *de novo*. *See Peaches Entm't Corp. v. Entm't Repertoire Assocs., Inc.*, 62 F.3d 690, 693 (5th Cir. 1995).

The district court entered an order permanently enjoining Mexcor from the following:

12

No. 15-20630

(1) Using a word mark containing the word "crown" (a "crown-formative mark") in combination with a cloth bag for whisky/whiskey; and
(2) Using cloth bags displaying a Texas crown-formative mark or cloth bags in conjunction with bottles displaying a Texas crown-formative mark for whisky/whiskey; and
(3) Using any name or trade dress that is confusingly similar to or dilutes the Crown Royal trade dress.

Mexcor first argues no injunction was necessary because the jury found any trade dress infringement was *unintentional*, and also because there is no evidence Mexcor intends again to use a Crown Club logo on cloth bags. We disagree. "A permanent injunction is the usual and normal remedy once trademark infringement has been found in a final judgment." 5 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:1 (4th ed.).

Mexcor next argues the injunction is overbroad. Injunctive relief "for trademark infringement should be no broader than necessary to prevent the deception." *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 671 (5th Cir. 2000). Here, the first and second provisions of the injunction appear to enjoin Mexcor from packaging Texas Crown Club in an unlabeled flag bag, a product Diageo conceded does not infringe. As already discussed, Mexcor had packaged its whisky in an unlabeled flag bag prior to the last quarter of 2011. The injunction should not be so broad that it bars admittedly lawful activities. We vacate the first two provisions of the permanent injunction and remand for the district court to revise its order in light of this opinion. A revised injunction must make clear that Mexcor can sell Texas Crown Club — with the bottle design in use prior to the last quarter of 2011 — packaged in an unlabeled Texas flag bag.

Mexcor also argues the district court's injunction fails to comply with Rule 65(d)'s requirement that an injunction order "state its terms specifically."

13

No. 15-20630

Rule 65(d) requires "that an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." *Scott v. Schedler*, 826 F.3d 207, 211 (5th Cir. June 15, 2016). Paragraph three of the injunction bars Mexcor generally from using marks that are confusingly similar to or dilute Diageo's brands. Essentially, Mexcor is ordered to obey trademark law.

We have previously reviewed injunctions containing similar language, and we have not stricken those similar provisions as impermissibly vague. *See, e.g., Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 578 (5th Cir. 2005) (assessing an injunction prohibiting the use of "any confusingly similar marks," not discussing vagueness, but vacating on other grounds); *Eska Drugs v. Smith, Kline & French Labs.*, 188 F.2d 430, 431–32 (5th Cir. 1951) (upholding an order enjoining the use of "any colorable imitation"). These cases, though, do not squarely discuss any vagueness issue. We are hesitant to approve such open-ended language, particularly because in other contexts this court has held that such "obey the law" injunction orders are not permitted. *See Payne v. Travenol Labs., Inc.*, 565 F.2d 895, 898 (5th Cir. 1978). We do not vacate the third provision of the injunction order, but we suggest the district court reconsider whether the provision is insufficiently specific. If the district court again uses similar language in a revised injunction, nothing in this opinion should be read as any ruling on its validity.

\* \* \*

The district court's orders denying Mexcor's motion for JMOL and motion to amend judgment are AFFIRMED. The district court's order entering a permanent injunction is VACATED and REMANDED for further proceedings. We DENY as MOOT Mexcor's opposed motion for judicial notice.